[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED MEMORANDUM OF DECISION ON
CT Page 7044 PETITION FOR HABEAS CORPUS
This amended memorandum of decision is filed to correct Paragraph 10 of the decision previously filed in this matter on May 17, 2000.
 MEMORANDUM OF DECISION ON PETITION FOR HABEAS CORPUS
Petitioner has come before this Court seeking a restoration or reinstatement of his appellate rights following a conviction for violation of probation. The petitioners claim is based upon an alleged ineffective assistance of his counsel at the time and shortly after his violation of probation hearing. Petitioner claims that Attorney Salvatore J. Petrella failed to properly inform him of his appellate rights and failed to undertake an adequate pre-trial investigation. At the conclusion of a hearing held of even date herewith before this Court, petitioner's counsel did not pursue the claim of inadequate pre-trial investigation but concentrated upon the alleged failure of Attorney Petrella to properly inform his client of his appellate rights.
The Court heard testimony from Attorney Petrella and from the petitioner and bases much of its decision on the credibility of the witnesses. This in turn is based upon their demeanor on the witness stand, their responses to questions, their ability to recall or not recall certain events, the consistency or inconsistency of their statements with other evidence, and their interest or lack thereof in the outcome of the petition. Based upon the totality of the evidence, the Court finds:
1. While petitioner was on probation for a previous offense, he was arrested for narcotics violations, specifically making sales of narcotics in seven separate instances to an undercover police officer. The Probation Court, Higgins, J., found him in violation and imposed a sentence of five years out of a possible six year sentence which was the suspended portion of his original sentence.
2. Attorney Petrella made a thorough investigation of the probation violation including talking to the probation officer, talking to the petitioner's girlfriend, Jo Steadman, and trying through the petitioner and Ms. Steadman to obtain alibi witnesses for the petitioner.
3. The violation of probation hearing lasted almost an entire day, and the police officer who testified against the petitioner in the violation of probation hearing was on the witness stand for approximately two and CT Page 7045 half hours.
4. Attorney Petrella did give effective assistance of counsel to the petitioner at the violation of probation hearing including pre-trial investigation and at the hearing itself. Further, the Court finds by a preponderance of the evidence that the petitioner was advised of his appellate rights, namely his right to appellate review, verbally by Attorney Petrella. Attorney Petrella was private counsel but would have taken the appeal on a pro bono basis because the petitioner did not have any more money.
5. Petitioner was later convicted after a trial for the offenses which violated his probation, namely the seven hand to hand sales of narcotics. He was found guilty and sentenced to sixteen years in prison to run concurrently with the five years he had already received as a result of the violation of probation.
6. The petitioner claims that because of his violation of probation he cannot obtain an appeal bond while his appeal of the narcotics convictions is pending.
7. The Court finds that there was not ineffective assistance of counsel and that the petitioner has not been prejudiced by failing to take an appeal in that he is already serving a sixteen year sentence concurrent with the five year sentence.
8. The petitioner has no right to an appeal bond, and it is unlikely that a judge would set an appeal bond for the petitioner on the appeal of the narcotics convictions.
9. Petitioner admitted that the same witnesses, including the undercover officer to whom he made the sales, testified at both the violation of probation hearing and the criminal trial for the sale of narcotics.
10. Since he was found guilty after a full jury trial of the narcotics violations beyond a reasonable doubt, it is unlikely that any appeal of the violation of probation would succeed since the arrest of the petitioner for the narcotics violations was sufficient for a finding of violation of probation notwithstanding that he had not yet been convicted.[1]
11. In any event, this petition is premature because he is still serving the sixteen years concurrently with the five year sentence for violation of probation. CT Page 7046
Accordingly, the petition for a writ of habeas corpus is denied. However, if the petitioner should win his appeal on the criminal convictions for which he was sentenced to sixteen years imprisonment, he may bring another petition for a writ of habeas corpus at that time.
Rittenband, J.T.R.